**NOT FOR PUBLICATION**

**FILED**

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Elder Geobany PLEITEZ MARROQUIN, | No.   20-70908 |
| Petitioner, | Agency No. A070-933-790 |
| v. | |
| Merrick B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2021
Pasadena, California

Before:  RAWLINSON, LEE, Circuit Judges, and KENNELLY,[**] District Judge.

Elder Geobany Pleitez Marroquin (Pleitez), a native and citizen of Guatemala, petitions this court for review of the Board of Immigration Appeals' (BIA) decision affirming the order of an immigration judge (IJ) denying his claims for asylum, withholding of removal, protection under the Convention Against Torture (CAT),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny Pleitez's petition in part and dismiss in part.

Substantial evidence supports the IJ and BIA's determination that Pleitez does not qualify for asylum because he did not meet his burden of demonstrating past persecution or a well-founded fear of future persecution. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i).

In assessing past persecution, the IJ considered threats against Pleitez's family, his age at the time of those threats, and the murders of his family members. These facts, however, were insufficient to show Pleitez personally experienced harm amounting to persecution before he arrived in the United States in 1994. Critically, Pleitez had already fled Guatemala when his grandfather was murdered. And this Court has "not found that harm to others may substitute for harm to an applicant. . . who was not in the country at the time he claims to have suffered past persecution." *Tamang v. Holder*, 598 F.3d 1083, 1092 (9th Cir. 2010).

In assessing future persecution, the IJ found that Pleitez's father had safely returned to Guatemala on several occasions and that Pleitez's siblings lived in Guatemala without experiencing persecution. The IJ also found that Pleitez's fear of future persecution stemmed from general conditions of criminal violence, which is not a cognizable ground for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The record supports these findings.

Because substantial evidence supports the determination that Pleitez has not established persecution, his claim for asylum fails, and we need not address the nexus issues that he disputes. Furthermore, having failed to establish eligibility for asylum, Pleitez is not eligible for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) ("[T]he lighter standard for the strength of the nexus is offset by the more demanding standard of proof in the withholding statute.").

Pleitez's claim for CAT protection fares no better. To qualify for this relief, a noncitizen must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Pleitez's CAT claim, however, effectively rests on a general fear of death, which does not satisfy the "particularized threat" of torture necessary for CAT protection. 8 C.F.R. § 1208.16(c)(2); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]he standard of proof for the CAT claim is higher than the standard of proof for an asylum claim.").

Finally, we cannot disturb the decision below on Pleitez's cancellation of removal claim. The Immigration and Nationality Act limits this Court's review of such claims to issues of law. 8 U.S.C. § 1252(a)(2). Pleitez's argument boils down to the contention that the record compels a different conclusion from the one that the IJ and BIA reached. At each turn of Pleitez's briefs, the thrust of his argument

3

disputes various factual findings: that he could find employment in Guatemala and support his family from abroad, that his father could support himself alone, that his children would suffer financial hardship, that his father's medical condition would deteriorate, and that his children could adjust to life in Guatemala. This Court lacks authority to reconsider the IJ's assessment of these facts. *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012); *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION DENIED in part and DISMISSED in part.**